CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

ZACHARY M. GLIMCHER (CABN 308053)
Special Assistant United States Attorney

1301 Clay Street, Suite 340S
Oakland, California 94612
Telephone: (510) 637-3680
FAX: (510) 637-3724
Zachary.Glimcher@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JASON GEYER<br><br>Defendant. | NO. 4:24-CR-00488-YGR<br><br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br>Date: May 20, 2026<br>Time: 3:00 p.m.<br><br>Judge: Hon. Yvonne Gonzalez Rogers |

## INTRODUCTION

On January 22, 2025, the defendant was arrested related to an Indicted filed, charging him with possession of child pornography, in violation of violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). Although he was found in possession of child sexual abuse material ("CSAM") on that date, the charge was based on evidence obtained pursuant to a search warrant executed on June 29, 2021.

For the reasons set forth below, the government recommends that the Court sentence the defendant to 60 months imprisonment and 10 years of supervised release.

## BACKGROUND

### A. Offense Conduct

#### 1. Defendant Found` in Possession of CSAM

From HSI investigations dating back to approximately January 26, 2021, they were able to identify and locate the defendant as one interacting with and engaging in trading child sexual abuse material ("CSAM"). PSR ¶¶ 8-12. Through established probable cause of the defendant's involvement and place of residence, HSI agents, on June 29, 2021, executed a residential search warrant in Union City, California. *Id.* at ¶¶13-14. Agents recovered approximately 51 electronic storage devices, almost all of which contained CSAM. Forensic analysis of the media recovered an amount of CSAM HSI said was not feasible to quantify; nevertheless, all of it was submitted to the National Center for Missing and exploited Children ("NCMEC"), from which it was determined 9,642 images and 443 videos were linked to known series. PSR ¶¶ 15-16, 44.

### B. Procedural History

On September 5, 2024, a federal grand jury returned a one-count indictment charging the defendant with possession of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2)). PSR ¶ 1.

On December 3, 2025, the defendant pled guilty to the sole count in the Indictment via a written plea agreement. PSR ¶¶ 2-3. Sentencing is currently scheduled before this Court for May 20, 2026. *Id.*

## DISCUSSION

### A. Legal Standard

The United States Sentencing Guidelines serve as "the starting point and initial benchmark" of any sentencing process and are to be kept in mind throughout the process. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *see also United States v. Kimbrough*, 522 U.S. 85, 108 (2007). The overarching goal of sentencing, as set forth by Congress, is for the Court is to "impose a sentence sufficient, but not greater than necessary." *Carty*, 520 F.3d at 991. In accomplishing that goal, the Court should consider the factors set forth under 18 U.S.C. § 3553(a), which include (among other factors):

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

**B. Sentencing Guidelines Calculation**

As set forth in the Plea Agreement, the Sentencing Guidelines calculation for the defendant's offense level is as follows:

| | |
|---|---|
| **COUNT 1: BASE OFFENSE LEVEL** (U.S.S.G. § 2G2.2(a)(1)) | 18 |
| **SPECIFIC OFFENSE CHARACTERISTICS** | |
| **The material involved a prepubescent minor** (U.S.S.G. § 2G2.2(b)(2)) | +2 |
| **The material involved sadistic conduct and the sexual abuse or exploitation of an infant or toddler** (U.S.S.G. §§ 2G2.2(b)(4)(B) and (b)(4)(B)) | +4 |
| **The defendant possessed images and videos of child pornography on and by using electronic devices, including a cellphone and computer. USSG §2G2.2(b)(6).** | +2 |
| **The offense involved 600 or more images** (U.S.S.G. § 2G2.2(b)(7)(D)) | +5 |
| **Adjusted Offense Level** | 31 |

| | |
|---|---|
| **Acceptance of responsibility** (U.S.S.G. § 3E1.1) | -3 |
| **Total Adjusted Offense Level** | **28** |

The parties agree with that the defendant's Criminal History Category (CHC) is I. Per the plea agreement, the parties agreed the total offense level is 28. With a total offense level of 28 and a CHC I, the Guideline range associated is 78-97 months. The Government agrees that this range is supported by the facts of the case; however, for reasons explained below, the government recommends a custodial sentence of 60 months, in concurrence with the terms of the Plea Agreement.

### C. The Government Recommends 60 Months of Imprisonment Based on the 18 U.S.C. § 3553(a) Factors

Based upon a consideration of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), the government respectfully recommends a **custodial sentence of 60 months** to be followed by a 10-year term of supervised release. Consistent with 18 U.S.C. § 3553(a), such a sentence is sufficient, but not greater than necessary, to reflect the seriousness of the offenses, to provide just punishment and protect the community, to deter the defendant from recidivating, and to account for both the significant aggravating and mitigating factors present in this case.

The defendant possessed thousands of images containing CSAM, some of which included sexual and violent abuse against minor children, toddlers, and infants. The victim impact startling and self-evident by its charting in the PSR at pages 13-16. The victim impact statements included in the PSR demonstrate why possession of CSAM is so devastating to victims. PSR ¶¶ 52-67. The knowledge that this material is distributed and downloaded online causes victims of child sexual abuse to live with the constant fear that they will be recognized in public by people who have seen these videos and images. And although the defendant did not personally produce CSAM, participating in the market for CSAM further contributes to the sexual exploitation of children. Consistent with 18 U.S.C. § 3553(a)(3), a considerable custodial sentence is necessary to afford adequate deterrence both specifically to the defendant and generally to those who also contribute to the sexual exploitation of children.

Consistent with these victims' statements, the Supreme Court has acknowledged that child pornography "produces concrete and devastating harms for real, identifiable victims." *Paroline v.*

*United States*, 572 U.S. 434, 457–58 (2014). Furthermore, as Congress has recognized, "child pornography permanently records the victim's abuse, and its continued existence causes the child victims of sexual abuse continuing harm by haunting those children in future years." *United States v. Marigny*, No. 20-MJ-70755-MAG-BLF, 2020 WL 4260622, at *3 (N.D. Cal. July 24, 2020) (citing Child Pornography Prevention Act of 1996, Pub. L. No. 104-208 § 121, 110 Stat. at 3009, 3009-27 (1996)). Indeed, "[i]t is common ground that the victim suffers continuing and grievous harm as a result of her knowledge that a large, indeterminate number of individuals have viewed and will in the future view images of the sexual abuse she endured." *Paroline*, 572 U.S. at 457. Defendants who possess child pornography "play[ ] a part in sustaining and aggravating this tragedy." *Id.* For many victims, given that "child pornography is now traded with ease on the Internet," knowledge of wide circulation "renew[s] the victim's trauma and ma[kes] it difficult for her to recover from her abuse." *Id.* at 439–41. "In a sense, every viewing of child pornography is a repetition of the victim's abuse." *Id.* at 457. Whether he intended to cause this harm or not, the defendant's possession of CSAM proliferated the abuse of many victims in this case, as detailed in their victim impact statements and summarized by Probation in the PSR. Indeed, the evidence of the quantity he had, spread over the number of devices recovered evinces a hoarding mentality and a compulsion. And that drive to possess more and more and more signals the 'machine' and cogs powering it to keep making more, which creates more and more victims.

In working with the case agent to build this case, I learned through her experience there were mitigating factors in the defendant's case, such as his consent to search his devices, cooperation in providing his account information, and evidence supporting he never engaged in hands-on conduct with a minor and was somewhat and somehow appalled by the idea, notwithstanding his offensive conduct. Given the length of time between when the government obtained evidence to support the charge of conviction and the defendant's arrest on the charge, the government honestly held out hope that the event would have made the defendant rethink his choices and see an opportunity not to make the same mistakes. That is, the government's recommendation may likely have been different had the defendant demonstrated some change in life course.

Alas, when he was arrested in January 2025, the defendant was found in possession of a

significant amount of CSAM and was working in the labor and delivery unit of a hospital with access to infants, which is alarming, given this conduct. With little change, the government's recommendation considers specific deterrence. A prior search warrant and seizure of his devices did not adequately deter him from reoffending. With no prior criminal history, 60 months in federal prison is a sufficient but not greater than necessary sentence that will stem from the defendant's first contact with law enforcement.

A custodial sentence of 60 months—which represents a downward variance from the Guidelines range agreed upon in the parties' Plea Agreement—is sufficient, but not greater than necessary, taking into account the factors set forth in 18 U.S.C. § 3553(a). As described above, the defendant's crimes were and serious, and they merit a lengthy sentence. A sentence of 60 months would also serve the general and specific deterrence goals of § 3553 by signaling to potential offenders that the possession of CSAM will not be tolerated. And such a sentence would signal to survivors of such exploitation that the criminal justice system takes their concerns about the continued distribution of explicit material depicting their abuse seriously.

## CONCLUSION

For the foregoing reasons, with full consideration of the Sentencing Guidelines, the goals of sentencing, and the factors set forth in 18 U.S.C. § 3553(a), the United States respectfully requests that the Court sentence the defendant to a sentence of **60 months of imprisonment,** to be followed by 10 years of supervised release (with the conditions recommended by the U.S. Probation Office), forfeiture as detailed in the PSR, and restitution.

DATED: May 13, 2026

/s/
ZACHARY M. GLIMCHER
Special Assistant United States Attorney